
## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

UNITED STATES OF AMERICA

v.                                    Criminal No. 3:10CR228

WADE ROBERT ELLIS

### MEMORANDUM OPINION

Wade Robert Ellis, a federal inmate proceeding _pro se_, submitted this motion and a supporting memorandum under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (ECF No. 29.) Ellis raises the following claims for relief:

Claim One: The Court imposed Ellis's sentence in violation of United States v. Booker, 543 U.S. 220 (2005).

Claim Two: Counsel rendered ineffective assistance by failing to investigate and file a motion to suppress evidence seized.

Claim Three: Counsel rendered ineffective assistance by failing to move for a competency hearing.

Claim Four: Counsel rendered ineffective assistance by failing to investigate and object to the application of various sentencing enhancements.

Claim Five: An evidentiary hearing is required.

The Government has responded. Ellis has replied.[1] Ellis also has filed two Motions to Amend. (ECF Nos. 36, 41.) The First

---

[1] In his "TRAVERSE REPLY" ("Reply, ECF No. 34"), Ellis seemingly concedes that all of his claims except for a portion of Claim Four lack merit. Ellis states: "Petitioner submits that his Reply brief will only concern such erroneous

Motion to Amend (ECF No. 36) will be granted to the extent it provides support for Claim Four. As discussed in Part V, infra, the Second Motion to Amend (ECF No. 41) will be denied as futile. The matter is ripe for disposition.

## I.  FACTUAL AND PROCEDURAL HISTORY

The Government charged Ellis in a one count Criminal Information with one count of transportation of child pornography. (Criminal Information 1, ECF No. 1.)[2] On September 29, 2010, Ellis waived his right to indictment and pled guilty pursuant to a plea agreement. In the Statement of Facts, Ellis agreed that "the following facts are true, and had this matter proceeded to trial the United States could have proven beyond a reasonable doubt" that:

---

enhancement [a five-level enhancement under United States Sentencing Guidelines Manual ("U.S.S.G.") § 2G2.2(b)(5)], now conceding that the other issues raised are improperly brought as the Government states in their Response." (Reply 1.) Out of abundance of caution, the Court nevertheless discusses each of his claims as raised in his § 2255 Motion.

[2] The statute provides in relevant part:

(a) Any person who—
   (1) knowingly . . . transports . . . in or affecting
   interstate . . . commerce by any means, including by
   computer, any child pornography;
      . . .
shall be punished as provided in subsection (b).

18 U.S.C. § 2252A(a)(1).

On or about February 13, 2010, an agent for the Charlottesville Police Department, working in an undercover capacity, commenced an investigation of the sharing of files containing child pornography on a file-sharing computer network and discovered that a computer with the Internet protocol ("IP") address 173.53.115.112 was sharing files known to contain child pornography. On that same date, the agent selected approximately 88 image files available for download from IP address 173.53.115.112 and downloaded them over the Internet, which is a means or facility of interstate or foreign commerce. Subsequent to the undercover session, the agent obtained subscriber information from Verizon Communications via court order that revealed that at the time of the downloads, IP address 173.53.115.112 was registered to Wade Ellis at a residence located in Richmond, Virginia 23236, in the Eastern District of Virginia and within the jurisdiction of this Court.

The 88 image files that the agent downloaded from IP address 173.53.115.112 all depicted child pornography as defined in Title 18, U.S.C. § 2256(8). Each of the files revealed images of prepubescent females either in sexually explicit poses, including the lascivious exhibition of the genitals, or engaging in sexually explicit conduct with other children and adults. One of the downloaded image files named "pictures from ranchi torpedo dloaded in 2009- pedo kdv (40)" depicted a prepubescent female engaged in sexual intercourse with an adult male and forms the basis of Count One of the Criminal Information.

Agents with the Federal Bureau of Investigation, the Virginia State Police, and the Richmond Police Department executed a federal search warrant at the defendant's residence on April 13, 2010, during which time they discovered the defendant, WADE ROBERT ELLIS, there. Pursuant to the execution of the search warrant, agents seized-- along with hundreds of computer disks and other external electronic storage media-- several computers and at least 18 computer hard drives, including a Dell Inspiron 531 desktop computer, serial number 1YFK2F1 and a computer tower, serial number VJ40001W2Z0810000699 with 1 terabyte hard drive.

A review of image files found on the two hard drives contained within the computers specified above

revealed over 475 images containing child pornography, including images of prepubescent and pubescent children engaged in sexually explicit conduct or the lewd and lascivious exhibition of the genitals, as well as depictions of sadistic or masochistic conduct.

After voluntarily agreeing to speak with agents, the defendant stated that he used the Internet, and specifically, various file-sharing programs, to view and obtain child pornography. He admitted that since approximately 2006 he has searched for, downloaded, and saved images of child pornography to his personal computer, although he said that he subsequently deleted the images or reformatted the hard drive almost monthly.

During a later interview with law-enforcement officers on that same day, after being advised of and voluntarily waiving his constitutional rights, the defendant admitted that he had engaged in sexual contact with a minor relative while she was in his care and custody on multiple occasions in 2007 and 2009. In a written statement he stated, in part, that "[i]n approximately early 2007, while changing [her] diaper, I opened up her vagina lips and put my finger in the tip end of her vagina . . . ." He admitted that in mid-2007, while caring for this same minor relative, he would become sexually aroused while making the child slide down his legs and the child "would hold my errection [sic] for only a few seconds." He further stated that again, in early 2009, he became sexually aroused while getting the child ready for bed and that he rubbed her genitals with his hand while she stood before him naked.

As part of his guilty plea, the defendant acknowledges that he committed the above conducting knowingly and intentionally, not by accident or mistake, and that he knew his conduct was illegal at the time.

(Statement of Facts 1-3, ECF No. 15.)

The Court conducted a Rule 11 hearing, and accepted Ellis's guilty plea. (ECF No. 18.)

The Presentence Report ("PSR") found Ellis to have a base offense level of 22, with a nineteen-level enhancement for specific offense characteristics, resulting in an adjusted offense level of 41. (PSR Worksheet A, at 1.) With a three-level reduction for acceptance of responsibility, Ellis's total offense level was 38. (Id. Worksheet D, at 1.) Nevertheless, because Ellis engaged in a pattern of activity involving prohibited sexual conduct with his niece, five levels were added under U.S.S.G. § 4B1.5(b)(1), for a total offense level of 43. (PSR ¶ 23, Worksheet D, at 1.) With a criminal history of I, Ellis's guideline range was life, however, the statutory maximum of twenty years restricted his guideline range to 240 months of incarceration. (PSR ¶ 54; Worksheet D, at 1.)

Counsel moved for a variant sentence of between 120 and 151 months. Counsel first argued that the application of U.S.S.G. § 2G2.2 results in disparately high sentences for persons convicted of child pornography. Counsel also argued that the enhancements for use of a computer, the number of images, and the five-level enhancement under U.S.S.G. § 4B1.5(b)(1) as applied to Ellis was duplicative of the offense conduct itself and enhancements for specific offense characteristics. (Def's Pos. Sentencing 1, 7-14, ECF No. 19.) Due to counsel's efforts, the Government agreed to withdraw the five-level enhancement

under U.S.S.G. § 4B1.5(b)(1). (See ECF No. 30-2, at 2; Aff. of John A. Rockecharlie, Esq. ("Rockecharlie Aff.") ¶ 18(f.), ECF No. 32-1.) Thus, Ellis's guideline range became 235 months of incarceration.

The Court sentenced Ellis to 235 months of incarceration. (J. 2, ECF No. 26.) Ellis filed no appeal.

## II. CLAIM ONE IS BARRED FROM REVIEW

In Claim One, Ellis argues that the Court imposed Ellis's sentence in violation of United States v. Booker, 543 U.S. 220 (2005). The procedural default rule bars Claim One from review here, absent a showing of cause and prejudice or actual innocence, because Ellis could have raised, but did not raise, this claim on direct appeal. See Bousley v. United States, 523 U.S. 614, 622-23 (1998); United States v. Frady, 456 U.S. 152, 167-68 (1982). Ellis fails to show cause and prejudice or actual innocence. Accordingly, Claims One will be dismissed.

## III. ALLEGED INEFFECTIVE ASSISTANCE

### A. Applicable Law

To demonstrate ineffective assistance of counsel, a convicted defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. Strickland v. Washington,

466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of Strickland, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting Strickland, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. Id. at 697.

Of course, in conducting the foregoing inquiry, the representations of the defendant, his lawyer, and the prosecutor during the plea proceedings, "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Therefore, "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made

during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (internal citations and quotations omitted). Accordingly, the Fourth Circuit has admonished that, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Id. at 221-22. No circumstances exist here that would lead the Court to consider Ellis's prior sworn statements as other than truthful. See id. Indeed, Ellis does not argue that his plea was involuntary or unknowing.

**B. Failure To File A Motion To Suppress**

In Claim Two, Ellis faults counsel for failing to investigate and file a motion suppress. To support his claim, Ellis states, in sum: "trial counsel should have filed a motion to suppress the evidence seized, prior to advising him to plead guilty to an information. Ellis submits that some of the evidence seized were [sic] so done in violation of his Fourth Amendment right[s] against unreasonable search and seizure." (Mem. Supp. § 2255 Mot. 6-7.) Ellis supplies no basis upon which counsel could have filed a suppression motion. Thus,

8

Ellis's conclusory claim fails to state claims for relief. <u>See</u> <u>Sanders v. United States</u>, 373 U.S. 1, 19 (1963) (finding denial of habeas action appropriate where it "stated only bald legal conclusions with no supporting factual allegations").

Moreover, counsel avers that he reviewed the search warrant executed on Ellis's home, and the affidavit in support used to establish probable cause, and found no deficiencies. (Rockecharlie Aff. ¶¶ 14-15.) Counsel also reviewed the statement Ellis made to agents and was unable to find any facts to support a suppression motion. (<u>Id.</u> ¶ 16.) Ellis demonstrates no deficiency of counsel or resulting prejudice, and Claim Two will be dismissed.

### C. Failure To Move For A Competency Hearing

In Claim Three, Ellis argues that counsel rendered ineffective assistance by failing to move for a competency hearing at some unidentified point in the criminal proceedings. Ellis asserts in sum, "that, under the totality of the circumstances, that counsel should have requested a competency hearing/evaluation. [see PSR . . . ¶ 32] During discovery proceedings, counsel was provided a 'Psychological Evaluation' dated August 18, 1988, wherein the results indicated that further updated evaluation was needed." (Mem. Supp. § 2255 Mot.

9

7.)[3] Ellis fails to explain, and the Court fails to discern, how the "totality of the circumstances" cast a doubt on Ellis's competency or how a psychological evaluation from 1988 would have any impact on Ellis's competency during the criminal proceedings in 2010. Again, Ellis's conclusory allegations without factual support fail to state a claim for habeas relief. Sanders, 373 U.S. at 19.

Furthermore, counsel avers that he had no concerns about Ellis's competency. He explains:

> in all of my dealings with Ellis he was aware of the nature and character of the charges, he was oriented to his situation and he was always able to assist me in my efforts to defend him. I never had any issues regarding his competency. It was clear he functioned at a lower intellectual level, but I was never concerned that he did not understand the process.

(Rockecharlie Aff. ¶ 17.) Ellis fails to establish any deficiency of counsel, or resulting prejudice. Claim Three will be dismissed.

### D. Failure To Object At Sentencing

In Claim Four, Ellis faults counsel for failing to investigate and object to five specific offense characteristics sentencing enhancements. Specifically, Ellis argues that

---

[3] Paragraph 32 of the PSR describes Ellis's physical condition. Paragraph 33, which describes Ellis's mental condition states: "The defendant reported no history of psychological or psychiatric treatment and there is no documented evidence to suggest otherwise." (PSR ¶ 33.)

counsel should have objected to the following enhancements: 1) a two-level enhancement under U.S.S.G. § 2G2.2(b)(2) because the images involved prepubescent minors; 2) a two-level enhancement under U.S.S.G. § 2G2.2(b)(3)(F) because the offense involved distribution; 3) the five-level enhancement under § 2G2.2(b)(5) because Ellis engaged in a pattern of activity involving the sexual abuse or exploitation of a minor; 4) the two-level enhancement under U.S.S.G. § 2G2.2(b)(6) because the offense involved use of a computer for the transmission of the images; and, 5) the four-level enhancement under U.S.S.G. § 2G2.2(b)(7)(C) because the offense involved at least 300 images but fewer than 600. (Mem. Supp. § 2255 Mot. 8-11.) As explained below, the majority of Ellis's arguments are conclusory, make little sense, and seemingly challenge facts that he admitted to as true in his validly entered Plea Agreement and accompanying Statement of Facts.

### 1. Images Involving Prepubescent Minors

For example, Ellis contends that counsel should have objected to the applicability of the enhancement under U.S.S.G. § 2G2.2(b)(2) because the images involved prepubescent minors. To support his claim, Ellis merely states that he "never admitted to the conduct giving rise to the enhancement" and "there was no evidence presented in support of the enhancement."

11

(Mem. Supp. § 2255 Mot. 8.) Contrary to Ellis's assertion, Ellis explicitly admitted in the Statement of Facts that the images he distributed involved prepubescent minors. (Statement of Facts 2.) Thus, counsel reasonably eschewed advancing this meritless objection. Ellis fails to demonstrate deficiency of counsel or any resulting prejudice.

### 2. Offense Involving Transportation

Ellis argues that counsel should have objected to a two-level enhancement under U.S.S.G. § 2G2.2(b)(3)(F) because the offense involved distribution, but "does not include the mere solicitation of such material by the defendant." (Mem. Supp. § 2255 Mot. 9 (emphasis omitted).) The Court fails to discern on what basis Ellis believes counsel should have objected to this enhancement. Ellis pled guilty to making child pornographic images available for others to download on a filing-sharing network, and using a file-sharing network not "mere solicitation of such material." (Id.) To the extent Ellis attempts to argue that file-sharing is not transmission, Ellis's arguments lack merit. See United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009) (holding "that use of a peer-to-peer file-sharing program constitutes 'distribution' for the purposes of U.S.S.G. § 2G2.2(b)(3)(F)"). Ellis fails to

12

demonstrate any deficiency of counsel for failing to raise this meritless objection, or resulting prejudice.

### 3. Pattern Of Activity

Next, Ellis contends that counsel deficiently failed to object to the five-level enhancement for "a pattern of activity involving sexual abuse or exploitation of a minor" pursuant to U.S.S.G. § 2G2.2(b)(5). Ellis provides no argument in support of his claim except that "the records and files [do] not establish any pattern of activity that involved the exploitation of a minor." (Mem. Supp. § 2255 Mot. 9.) In his Reply, Ellis seemingly adds that counsel should have objected to the enhancement because his statements used to support the enhancement were made in violation of Miranda v. Arizona, 384 U.S. 436 (1996). (Reply 2.) Counsel reasonably eschewed objecting on this ground.

First, the Court fails to discern any applicability of Miranda in the sentencing context, as Miranda is a trial right and requires the exclusion of unwarned statements from trial as the complete remedy. United States v. Patane, 542 U.S. 630, 636 (2004) (plurality opinion).[4] Second, Ellis agreed in the

_____

[4] "[T]he Miranda rule is a prophylactic employed to protect against violations of the Self-Incrimination Clause" of the Fifth Amendment. Patane, 542 U.S. 630 at 636. The "core protection afforded by the Self-Incrimination Clause is a prohibition on compelling a criminal defendant to testify

13

Statement of Facts supporting his Plea Agreement that "after being advised of and voluntarily waiving his constitutional rights, [he] admitted that he had engaged in sexual contact with a minor relative while she was in his care and custody on multiple occasions in 2007 and 2009." (Statement of Facts 3.) Thus, any suggestion that he made the statements without receiving <u>Miranda</u> warnings is directly contradicted by his Statement of Facts. Counsel reasonably refrained from advancing this meritless objection. Accordingly, Ellis fails to demonstrate any deficiency of counsel or resulting prejudice.

### 4. Use Of Computer For Transmission

Ellis argues that counsel should have objected to the two-level enhancement under U.S.S.G. § 2G2.2(b)(6) for use of a computer to transmit the images. Ellis makes the sparse argument that "no evidence was ever submitted to establish that the computer was used for 'transmission of the materials' as opposed to 'storing and sharing" of the materials." (Mem. Supp. § 2255 Mot. 10.) Section 2B2.2(b)(6) applies when a defendant

---

against himself at trial." <u>Id.</u> at 637 (citations omitted). "Potential violations [of <u>Miranda</u>] occur, if at all, only upon the admission of the unwarned statements into evidence at trial. And, at that point, "[t]he exclusion of unwarned statements . . . is a complete and sufficient remedy" for any perceived <u>Miranda</u> violation. <u>Id.</u> at 641-42 (emphasis added) (quoting <u>Chavez v. Martinez</u>, 538 U.S. 760, 790 (2003) (Kennedy, J. concurring in part and dissenting in part)); <u>see Miranda</u>, 384 U.S. at 444.

uses a computer for "possession, transmission, receipt or distribution of the material." U.S.S.G. § 2B2.2(b)(6). To the extent Ellis again claims that file-sharing is not transmission or distribution, as previously discussed, this claim lacks merit. Layton, 564 F.3d at 335. Moreover, Ellis admitted in his Plea Agreement and Statement of Facts that he used a computer to transmit, download, and save images, and counsel reasonably eschewed advancing Ellis's objection to the enhancement for use of a computer. Ellis demonstrates neither deficiency of counsel nor resulting prejudice.[5]

### 5. Amount Of Images

Next, Ellis argues that counsel deficiently failed to object to the four-level enhancement for the amount of images involved under U.S.S.G. § 2G2.2(b)(7)(C). In sum, Ellis claims that "only 88 images may be considered, resulting in an increase of 2 levels." (Mem. Supp. § 2255 Mot. 10.) Again, Ellis admitted in his Statement of Facts that "[a] review of image

---

[5] In his First Motion to Amend, Ellis states: "[T]he Movant received ineffective assistance of trial counsel when counsel did not object to the sentence enhancement the Movant received for installing a device which allowed free access to child pornography to others" but fails to cite to the guideline provision he seeks to challenge. (First Mot. Amend 1.) The Court construes Ellis to add argument either to his claim that counsel should have objected to the enhancements pursuant to U.S.S.G. § 2G2.2(b)(3)(F) or § 2G2.2(b)(6). The Court has already found these claims lacks merit. Ellis's new conclusory allegation fails to change that result.

files found on the two hard drives contained within the computers [seized by agents] revealed over 475 images containing child pornography . . . ." (Statement of Facts 2.) Thus, the four-level enhancement was fully supported by the facts as admitted by Ellis. Thus, Ellis demonstrates no deficiency of counsel for failing to raise this meritless objection or resulting prejudice. Claim Four lacks merit and will be dismissed.[6]

## IV. CLAIM FIVE

In Claim Five, Ellis argues that Claims One through Four require an evidentiary hearing. Because the Court finds that Ellis's claims lack merit, no evidentiary hearing is necessary. Accordingly, Claim Five will be dismissed.

## V. OUTSTANDING MOTION TO AMEND

### A. Second Motion to Amend

"Under Rule 15(a) leave to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, or

---

[6] Although not raised as a claim in his § 2255 Motion, in his Reply, Ellis also faults counsel for "fail[ing] to notice the error" that the PSR assessed a duplicative five-level increase under § 4B1.5, and instead "the government notice[d] the error and moved to correct it." (Mem. Supp. § 2255 Mot. 11.) Ellis's argument lacks factual merit, because discussed as above, counsel argued that the five-level enhancement was duplicative, and the Government moved to withdraw the enhancement. Thus, Ellis demonstrates no deficiency of counsel or resulting prejudice.

futility of amendment." United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000) (citations omitted). As explained below, Ellis's amendment is futile.

In his Second Motion to Amend, Ellis raises the following new claim:

Claim Six: "Trial Counsel was Ineffective in that he misinformed and coerced Movant into pleading Guilty by intentionally and without regard for either his ethics or the Law tricked Movant into pleading guilty to a sentence which Movant was not aware would be applied to him because of the enhancements." (Second Mot. Amend. 1, ECF No. 41.)

The Court appropriately denies as futile leave to amend, when the statute of limitations bars the new claim. See Ingram v. Buckingham Corr. Ctr., No. 3:09CV831, 2011 WL 1792460, at *1 (E.D. Va. May 5, 2011). As discussed below, the statute of limitations bars Ellis's claim.

### 1. Statute of Limitations

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

**(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

**(1)** the date on which the judgment of conviction becomes final;

**(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

**(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Because Ellis did not appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on Tuesday, March 22, 2011, the last date to file an appeal. See United States v. Clayton, No. 3:07cr488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing Arnette v. United States, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)); Fed. R. App. P. 4(b)(1)(A) (requiring defendant to file an appeal within fourteen (14) days of the entry of judgment). Ellis then had one year, or until Thursday, March 22, 2012 to file a motion pursuant to 28 U.S.C. § 2255. 28 U.S.C. § 2255(f). On December 11, 2011, Ellis filed his § 2255 Motion within the statute of

limitations.[7] (§ 2255 Mot. 13.) However, Ellis filed his Second Motion to Amend on July 8, 2013 (Mot. Amend 4), over two years after his conviction became final. See Houston, 487 U.S. at 276. Because Ellis failed to file his Motion to Amend within the one-year limit, the statute of limitations bars the motion unless Ellis demonstrates entitlement to a belated commencement of the limitations period under 28 U.S.C. § 2255(f)(2)-(4), entitlement to equitable tolling,[8] see United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)), or the new claim relates back to the claims in the § 2255 Motion, see Pittman, 209 F.3d at 317. Because Ellis fails to provide any meritorious grounds for belated commencement or equitable tolling, the statute of limitations bars the amendment unless the claim relates back to a claim in the original § 2255.

### 3.   Relation Back

Courts apply Rule 15 of the Federal Rules of Civil Procedure to motions to amend in a § 2255 case. Pittman, 209 F.3d at 317. Rule 15 allows for amendments to the petition after the one-year statute of limitations, provided the

---

[7] The Court deems an inmate's motion filed on the date it is handed to prison staff for mailing. Houston v. Lack, 487 U.S. 266 (1988).

[8] Moreover, neither Ellis nor the record suggests circumstances that warrant equitable tolling.

amendment relates back to the original timely filed petition. A claim relates back if it "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).

An amended claim "does not relate back (and thereby escape[s] AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Mayle v. Felix, 545 U.S. 644, 650 (2005). In this regard, it is not sufficient that the new claim simply "has the same form as the original claims," if the new claim "arises out of wholly different conduct." Pittman, 209 F.3d at 318. Thus, "a petitioner does not satisfy the Rule 15 'relation back' standard merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney misfeasance." United States v. Ciampi, 419 F.3d 20, 24 (1st Cir. 2005) (citing Davenport v. United States, 217 F.3d 1341, 1346 (11th Cir. 2000); United States v. Duffus, 174 F.3d 333, 337 (3d Cir. 1999)).

In his original § 2255 Motion, Ellis raised three claims of ineffective assistance of counsel attacking counsel's failure to file a motion to suppress, failure to move for a competency

hearing, and failure to object to specific enhancements during sentencing. Ellis's Claim Six argues that counsel rendered deficient performance with respect to plea negotiations and Ellis's understanding of the Plea Agreement. Claim Six differs in both time and type from the claims raised in the original § 2255 Motion. See Mayle, 545 U.S. at 650. Thus, the new claim fails to relate back to Ellis's timely filed claims. Accordingly, Ellis's Second Motion to Amend (ECF No. 41) is untimely and will be denied.

## VI.    CONCLUSION

For the foregoing reasons, Ellis's claims will be dismissed. Ellis's § 2255 Motion (ECF No. 29)) will be denied and the action will be dismissed. A certificate of appealability ("COA") will be denied.[9]

---

[9] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a COA. 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Ellis fails to satisfy this requirement.

The Clerk is directed to send a copy of this Memorandum Opinion to Ellis and counsel of record.

_____ /s/ REP

Robert E. Payne
Senior United States District Judge

Date: *November 25, 2014*
Richmond, Virginia