

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.  Criminal No. 3:10CR228

WADE ROBERT ELLIS

MEMORANDUM OPINION

Wade Robert Ellis, a federal prisoner proceeding pro se, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 29). By Memorandum Opinion and Order entered November 26, 2014, the Court denied Ellis's § 2255 Motion. See United States v. Ellis, No. 3:10CR228, 2014 WL 6712748, at *8 (E.D. Va. Nov. 26, 2014.) On December 3, 2014, Ellis filed a motion seeking relief under Fed. R. Civ. P. 59(e) ("Rule 59(e) Motion," ECF No. 53).[1]

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to

---

[1] This is the date Ellis states he placed his Rule 59(e) Motion in the prison mailing system (Rule 59(e) Mot. 16), and the Court deems this the filed date. See Houston v. Lack, 487 U.S. 266, 276 (1988).

account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D. Md. 1991); Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Ellis fails to demonstrate any basis for granting relief under Rule 59(e). Rather, Ellis raises, for the first time, two new claims for relief. First, Ellis suggests that he is entitled to relief because of "the failure to Magistrate Dohnal to acquire a district judge's authorization to preside over the Rule 11 hearing." (Rule 59(e) Mot. 3.) Second, Ellis contends that he is entitled to relief "on the basis of the denial of his right to have defense counsel present during his initial appearance, and arraignment." (Id. (emphasis omitted).) However, a "'Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" Pac. Ins. Co., 148 F.3d at 403 (quoting 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1810.1, at 127-28 (2d ed. 1995)).

In any event, Ellis's new arguments lack merit. With respect to his claim that his conviction is invalid because Magistrate Judge Dohnal failed to obtain authorization from the

undersigned to preside over Ellis's Rule 11 proceedings, Ellis cites United States v. Harden, 758 F.3d 886, 891 (7th Cir. 2014), for support. In Harden, the United States Court of Appeals for the Seventh Circuit held that, even when the defendant consents, a magistrate judge's acceptance of a guilty plea in a felony case violates the Federal Magistrate Act and therefore is not authorized. 758 F.3d at 891. However, Ellis's argument is foreclosed by the United States Court of Appeals for the Fourth Circuit's decision in United States v. Benton, 523 F.3d 424 (4th Cir. 2008), in which the Fourth Circuit held that the Federal Magistrate Act authorizes magistrate judges to accept a guilty plea and find a defendant guilty when, as in Ellis's matter, "the parties have consented to the procedure" and the district court retains "ultimate control . . . over the plea process." Id. at 433; cf. Harden, 758 F.3d at 891 (noting that the Fourth, Tenth, and Eleventh Circuits "authorize magistrate judges to accept felony guilty pleas with the parties' consent").

With respect to Ellis's claim that he was denied his right to have counsel present during his initial appearance and arraignment, the record clearly reflects that John Rockecharlie appeared on behalf of Ellis at Ellis's combined arraignment and detention hearing. (See ECF No. 8, at 1; ECF No. 9, at 1.) Moreover, "[a]lthough it is true that [an] initial appearance is

3

what triggers the right to counsel, that does not mean[] that [a defendant] has the right to counsel at that appearance. Indeed, the initial appearance is typically precisely where a defendant invokes their right to counsel." Walker v. United States, No. 4:95CR37(3), 2014 WL 4388253, at *3 (E.D. Va. Sept. 4, 2014) (citations omitted). At Ellis's initial appearance, he was informed that he had the right to counsel. Ellis was then represented by counsel at all subsequent proceedings.

For the foregoing reasons, Ellis's Rule 59(e) Motion (ECF No. 53) will be denied. A certificate of appealability will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Ellis and counsel of record.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: September 14, 2016
Richmond, Virginia